UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRIUS L. THURMOND,
#T655139488790,

    Plaintiff,                                        Civil Action No. 19-CV-11395

vs.                                          HON. BERNARD A. FRIEDMAN

ADAM HESS, et al.,

    Defendants.
_____/

**OPINION AND ORDER OF DISMISSAL AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

This matter is presently before the Court on the Court's review of the complaint, filed pro se under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Washtenaw County Jail awaiting trial on criminal charges. He alleges that the search and seizure which provided the basis for these charges was unlawful because probable cause was lacking. He names three Pittsfield Township police officers (Adam Hess, Matthew Bartus, and Samuel Bradley) and the Pittsfield Township Police Department.

The Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

The complaint in this matter fails to state a claims upon which relief can be granted. No claim is stated as to defendant Pittsfield Township Police Department because a municipal police department is not a legal entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Nor is any claim stated against the police officers, who allegedly entered plaintiff's

motel room in Ann Arbor without a warrant on July 20, 2018. The officers arrested him and transported him to the police station. Plaintiff argues that the officers did not have probable cause to arrest him. However, to recover for an allegedly unreasonable search and seizure, plaintiff must allege injury separate from "the injury of being convicted and imprisoned (until his conviction has been overturned)." *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994). Plaintiff does not allege any injury resulting from the claimed Fourth Amendment violation except the possibility of a criminal conviction. Consequently, the complaint fails to state a claim upon which relief may be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012).

For these reasons, the Court concludes that the complaint in this matter fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

IT IS FURTHER ORDERED that plaintiff not proceed on appeal in forma pauperis because any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: February 10, 2020  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2020.

| | |
|---|---|
| Derrius L. Thurmond, T655139488790<br>Washtenaw County Jail<br>2201 Hogback Road<br>Ann Arbor, MI 48105 | s/Johnetta M. Curry-Williams<br>Case Manager |